**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**JOSEPH SCOTT NEWKIRK** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:26CV-407-JHM**

**GOODWILL INDUSTRIES OF KY *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Joseph Scott Newkirk filed the instant *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon screening of the complaint, the instant action will be dismissed for the reasons that follow.

## I. FACTUAL ALLEGATIONS

Plaintiff brings this action against the following Defendants: Goodwill Industries of KY (Goodwill); Sharon Allgeier, whom he identifies as a Program Manager employed by Goodwill; and Pharra Burlisson, an Outreach Specialist employed by Goodwill. Plaintiff states that he is asserting claims for violation of his right to freedom of religion under the United States Constitution and for religious persecution under the Civil Rights Act.

Plaintiff states that he is seeking "restitution and an apology for being directed to remove my White House Volunteer Service and POTUSOA Donald Trump from my resume because I am not a Catholic." Plaintiff continues, "It is my understanding that my biological father is the King of the United Kingdom Charles Windsor, who is a Protestant and the Head of the Church of England therefor making my own faith Protestant as the heir to the British Crown non-Catholic."

Plaintiff further states as follows:

> Sometime during the month of December 2025, as best as I can recollect, I visited the Goodwill Industries of Kentucky location at 909 East Broadway in Louisville, Kentucky. I have been a client of Goodwill's for some time and although there is no direction given upon becoming a client that I am aware of, that specifies what the organization can and can't do for you in regards to employment, I listened and paid attention and figured out as best I could, what this organization might be able to do for me in helping me refine my resume and find employment. I also took advantage of their 'Another Way' program which provides those chosen to participate an opportunity to work a few hours and be paid with a plastic $50.00 gift card in lieu of cash. Lunch is also provided to those participating. This program is managed by Ms. Sharon Allgeier.

Plaintiff alleges that Allgeier directed him to change his email address from regentprincejosephscottnewkirk@gmail.com to Newkirk.Joseph71@gmail.com, to remove his volunteer service in the White House in November 2020 from his resume, and to remove Donald Trump as a reference. He also states as follows:

> I was interviewed by Mr. Tim Hobbs; Outreach Specialist Supervisor for Goodwill Industries of Kentucky. This interview took place on the side of Interstate 65 in a terrifying scenario during one of my times out on the 'Another Way' van where we picked up trash in the gutter. I had applied for a position as an Outreach Specialist on the company website. Nothing more came from the interview.

He asserts, "It is my belief that Goodwill Industries of Kentucky is deliberately discriminating against me so that I stay unemployed and without income or opportunity." He also alleges that he suggested a business opportunity to Goodwill and explains his belief that he is the biological son of King Charles.

As relief, Plaintiff seeks compensatory damages, an apology, and an answer to his letter asking for a product to be added to its retail stores.

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

## III. ANALYSIS

### *A. § 1983*

The Court construes Plaintiff's claims for violation of his right to freedom of religion as a claim for violation of the First Amendment. A claim for violation of the Constitution must be brought under § 1983. *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989). Section 1983 creates a cause of action

against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff makes no allegation that Goodwill is a state actor. Section 1983 does not create a cause of action against a private actor "'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Private parties may be held liable under § 1983 only if they are "state actor[s]" that operated under "under color of law" such that their "private conduct is fairly attributable to the state." *Moldowan v. City of Warren*, 578 F.3d 351, 399-400 (6th Cir. 2009). The Sixth Circuit generally uses three tests for determining whether a private actor may be treated as a state actor: "the public-function test, the state-compulsion test, and the nexus test." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

The public-function test "'requires that the private [entity] exercise powers which are traditionally **exclusively** reserved to the state.'" *Carl*, 763 F.3d at 595 (emphasis added) (quoting *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)). Examples of such functions are holding elections, exercising eminent domain, or providing medical care in a correctional facility. *See Nugent v. Spectrum Health Servs.*, 72 F.4th 135, 140-41 (6th Cir. 2023). "The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state." *Memphis, Tenn. Area Loc., Am. Postal Workers Union, AFL-CIO v. City of*

*Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). Under the nexus test, also referred to as the symbiotic test, "there must be a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Inner City Contracting, LLC v. Charter Twp. of Northville*, 87 F.4th 743, 757 (6th Cir. 2023).

Plaintiff alleges no facts to support that Goodwill or its employees were state actors under any of the three tests set forth by the Sixth Circuit. Therefore, the Court finds that the allegations in the complaint do not support that Goodwill is a state actor and that Plaintiff's § 1983 claims against it must be dismissed for failure to state a claim upon which relief may be granted.

***B. Employment discrimination***

The Court construes Plaintiff's claim for religious persecution under the Civil Rights Act as a claim for employment discrimination in violation of Title VII of the Civil Rights Act of 1964. A Title VII claim may be brought only against an employer. *See* 42 U.S.C. § 2000e-2(a) (providing employment practices that are unlawful "for an employer"). It is clear that Plaintiff was not employed by Goodwill. To the extent he alleges that he applied for and was interviewed for a job at Goodwill and was denied employment, the Court finds that the complaint fails to sufficiently allege that he was denied employment because of his religion. While the Court must construe *pro se* complaints broadly, "the court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 F. App'x 573, 574 (6th Cir. 2003) (affirming trial court's dismissal of a vague, conclusory, and factually insufficient complaint). The complaint contains no facts to support an allegation that Plaintiff was denied employment from Goodwill because of his religion. *See Bhuiyan v. Dep't of Treasury*, No. 2:24-CV-3964, 2024 U.S. Dist. LEXIS 211041, at *4-5 (S.D. Ohio Nov. 20, 2024)

("All of Plaintiff's [employment discrimination] claims must be dismissed because his allegations are threadbare. Plaintiff does not allege facts sufficient to raise a reasonable inference that any of Defendant's alleged actions were unlawful."), *report and recommendation adopted*, 2025 U.S. Dist. LEXIS 6173 (S.D. Ohio Jan. 13, 2025). Therefore, the Court will dismiss Plaintiff's employment discrimination claims for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

Accordingly, the complaint will be dismissed by separate Order.

Date: October 6, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiffs, *pro se*
4414.010